I respectfully dissent from the decision of the majority in this matter to grant the defendant's motion for summary judgment. In regard to the events that ultimately led to the unfortunate death of the decedent in this matter, the majority concluded that the actions of the Troopers do not rise to the level of gross negligence because there is no issue of material facts as to the Troopers' deployment of the stop sticks. However, the undersigned finds that reasonable minds might differ as to whether the actions of the Troopers in deploying the stop sticks rise to the level of gross negligence.
The North Carolina Supreme Court has observed that summary judgment is inappropriate where reasonable minds might easily differ as to the import of the evidence. Marcus Bros. Textiles, Inc. v. Price Waterhouse, L.L.P.,350 N.C. 214, 221-22, 513 S.E.2d 320, 326 (1999). Further, summary judgment in a negligence case is rarely appropriate under North Carolina jurisprudence. Moore v. Crumpton, 306 N.C. 618, 624 295 S.E.2d 436, 440
(1982).
In applying these tenets to the facts of this case, the undersigned would find that reasonable minds might differ as to the material facts in this matter. Reasonable minds may differ as to whether deploying stop sticks in the path of a pursued fugitive creates a probability of injury to the general public when there are innocent bystanders present. The undersigned would find that the proper course would be for the Commission to deny defendant's summary judgment and remand this matter for a full evidentiary hearing before a Deputy Commissioner *Page 11 
on all issues including, but not limited to, whether the actions of the Troopers in deploying the stop sticks rise to the level of gross negligence. For these reasons, I respectfully dissent.
 This 14th day of November 2007. *Page 1